**WO**

1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9

10   Leonard O'Dell,

11          Plaintiff,

12   vs.

13   Detention Officer Abbott, et al.,

14          Defendants.

15

)                No. CV 11-2261-PHX-RCB (MHB)
)
)                        **ORDER**
)
)
)
)
)
)
)
)

16          Plaintiff Leonard O'Dell, who is confined in the Fourth Avenue Jail, filed a *pro se*

17   civil rights Complaint pursuant to 42 U.S.C. § 1983.  Because Plaintiff had not paid the

18   $350.00 civil action filing fee or filed a proper Application to Proceed *In Forma Pauperis*,

19   the Court denied Plaintiff's Application to Proceed *In Forma Pauperis* with leave to either

20   pay the filing fee or file a properly completed *in forma pauperis* application.  (Doc. 6.)

21   Plaintiff then filed a motion to defer or waive filing fees and an incomplete *in forma pauperis*

22   application, which were both denied.  (Doc. 5, 8, 13.)  Plaintiff has since filed a properly-

23   completed Application to Proceed *In Forma Pauperis*, which will be granted.[1]  (Doc. 17.)

24   He has also filed two additional motions to waive fees, which will be denied.  (Doc. 19, 23.)

25   Most recently, Plaintiff has filed a motion asking the Court to proceed with this case.  (Doc.

26   27.)  That motion will be granted to the extent set forth herein.

27   _____

28          [1]  Plaintiff subsequently filed another *in forma pauperis* application, which will be
     denied as moot.  (Doc. 20.)

**JDDL-K**

After filing his Complaint on this District's approved form, Plaintiff filed two amended complaints on state court forms. (Doc. 9, 14.) The Court will strike both amended complaints because Plaintiff failed to use this District's approved form for filing a complaint by a prisoner.[2] (Doc. 8, 14.) The Court will dismiss Plaintiff's original Complaint for failure to state a claim with leave to amend.

## I. Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

---

[2] Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that after a party has once amended a pleading, he may thereafter *only* amend the pleading with the opposing party's written consent or leave of court. Further, Local Rule 15.1 requires the party to submit a copy of the proposed amended pleading with the motion seeking leave to amend. LRCiv. 15.1. Plaintiff did not file a motion for leave to file the second of his amended complaints. (Doc. 14.)

unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, the Court will dismiss the Complaint with leave to amend.

**III.    Complaint**

Plaintiff alleges five counts for retaliation, denial of constitutionally adequate medical

care, unconstitutional disciplinary proceedings, denial of access to the courts, and excessive force and search and seizure. Plaintiff sues the following current or former employees of the Maricopa County Sheriff's Office (MCSO): Detention Officers Abbott, Delatore, Kanar, Papp, Richardson, Baker, Dunn, Looring, McCuller; and Sergeants Rose, Curtis, and Hayes. Plaintiff seeks injunctive and compensatory relief.

**Background**

Plaintiff is charged in three criminal cases in Maricopa County Superior Court, case# CR2011-146392, CR2011-101449, and CR2011-007699.[3] The charges in all of these cases appear to stem from incidents while Plaintiff was incarcerated in jail or prison in connection with an earlier case, CR2010-048132.[4]

## IV. Failure to Comply with LR Civ. 3.4(a)

Local Rule 3.4(a) provides in relevant part that a complaint filed by an incarcerated person "shall be signed and legibly written" or typed. Plaintiff's Complaint fails to comply with this requirement. The Complaint is hand-written and is only partially legible. Plaintiff also failed to comply with the Instructions for completing the court-approved form complaint. The Instructions specifically state that:

> **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.** The form must be typed or neatly handwritten. <u>The form must be completely filled in to the extent applicable</u>. All questions must be answered <u>clearly and concisely in the appropriate space on the form</u>. If needed, you may attach additional

---

[3] See http://www.courtminutes.maricopa.gov/docs/Criminal/012012/m5045615.pdf (last visited February 6, 2012).

[4] On January 12, 2011, Plaintiff was sentenced to 3.5 years in prison for aggravated assault. See http://www.courtminutes.maricopa.gov/docs/Criminal/012011/m4555472.pdf (last visited February 6, 2012). In the three pending cases, Plaintiff is charged with promotion of prison contraband, aggravated assault, and destruction or injury to jail property. See http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2011-007699;http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2011-101449; http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2011-146392; http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2010-048132 (last visited February 6, 2012).

pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. <u>If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action</u>. You do not need to cite law.

(Instructions at ¶ 1) (underlining added). The Instructions further provide that:

1. Counts. You must identify which civil right was violated. **<u>You may allege the violation of only one civil right per count</u>**.

2. Issue Involved. Check the box that most closely identifies the issue involved in your claim. **You may check only one box per count**. If you check the box marked "Other," you must identify the specific issue involved.

3. Supporting Facts. <u>After you have identified which civil right was violated, you must state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you must identify which defendant did what act. You also should state the date(s) on which the act(s) occurred, if possible.</u>

4. Injury. State <u>precisely</u> how you were injured by the alleged violation of your rights.

(Instructions, part C) (underlining added).

While Plaintiff used the court-approved form Complaint, he did not comply with the Instructions for completing the court-approved form. Plaintiff fails to adequately and clearly allege facts in support of each claim. For example, Plaintiff lists a series of dates when his rights were allegedly violated without alleging specifically what happened on a particular day, including who violated his rights and how, and where. Plaintiff's allegations are frequently rambling and difficult to follow. In addition, Plaintiff asserts multiple violations in some counts, rather than one claim in each count. For these reasons, the Court will dismiss the Complaint with leave to file a First Amended Complaint using this District's approved form. Any amended complaint must be legibly written and must substantially comply with the Instructions for completing the form complaint. In the following sections, the Court informs Plaintiff of the standard to state the types of claims he appears to be attempting to raise.

## V. Standard to State a Claim Under 42 U.S.C. § 1983

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. <u>Wood v.</u>

Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.    Retaliation

Plaintiff designates Count I as a claim for retaliation.  To state a constitutional claim for retaliation, a plaintiff must allege that a defendant acting under color of state law took adverse action against him because he engaged in constitutionally-protected conduct, the adverse action was not narrowly tailored to advance legitimate goals, and the adverse action chilled the plaintiff's exercise of his First Amendment rights or caused him to suffer more than minimal harm.  Rhodes v. Robinson, 408 F.3d 559, 567-58 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate must show (1) that the prison official acted in retaliation for the exercise of a constitutionally-protected right, and (2) that the action "advanced no legitimate penological interest").

### B.    Medical Care

Plaintiff designates Count II as a claim concerning medical care.  Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.  Jett, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and

he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. <u>Jett</u>, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. <u>Estelle</u>, 429 U.S. at 104-05; <u>Jett</u>, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. <u>Farmer</u>, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." <u>Clement v. California Dep't of Corrections</u>, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); <u>see also</u> <u>Broughton v. Cutter Labs.</u>, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. <u>See</u> <u>Shapley v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." <u>Estelle</u>, 429 U.S. at 105.

**C.  Disciplinary Proceedings**

Plaintiff also appears to be attempting to challenge disciplinary proceedings at the jail. A *pretrial detainee* has a substantive due process right against restrictions that amount to punishment for a criminal offense. <u>Valdez v. Rosenbaum</u>, 302 F.3d 1039, 1045 (9th Cir. 2002) (citing <u>United States v. Salerno</u>, 481 U.S. 739, 746 (1987); <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979); <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1440-41 (9th Cir.1991) (*en banc*)). This right is violated if restrictions are "imposed for the purpose of punishment." <u>Bell</u>, 441 U.S. at 535. But jail officials are entitled to impose restrictions to effect confinement, and detention will necessarily affect a detainee's ability to live as comfortably

as he might like; a *de minimis* level of imposition is permissible.[5]  Id. at 539 n.21.  Thus, no

unconstitutional punishment occurs when the government imposes restrictions as part of

legitimate operational concerns to ensure security and order.  Id. at 540.  However,

imposition of punishment for violation of rules does require the procedural protections

described by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974).

Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996).  These safeguards are:  (1) written

notice of the charges at least twenty-four hours prior to the hearing; (2) a written statement

by the fact-finder as to the evidence relied on and reasons for the disciplinary action; and (3)

a limited right to call witnesses and present documentary evidence when it would not be

unduly hazardous to institutional safety or correctional goals to allow the inmate to do so.

Wolff, 418 U.S. at 565-66.  Thus, to assert a claim for denial of due process in connection

with disciplinary proceedings, a plaintiff must allege the circumstances surrounding the

disciplinary charge, the safeguard(s) he was allegedly denied, and the punishment imposed.

### D.    Access to the Courts

Plaintiff also appears to be attempting to allege a claim for denial of access to the

courts.  The right of meaningful access to the courts prohibits state officials from actively

interfering with an inmate's attempt to prepare or file legal documents.  Lewis v. Casey, 518

---

[5] Thus:

Not every disability imposed during pretrial detention amounts to
"punishment" in the constitutional sense, however.  Once the Government has
exercised its conceded authority to detain a person pending trial, it obviously
is entitled to employ devices that are calculated to effectuate this detention.
Traditionally, this has meant confinement in a facility which, no matter how
modern or how antiquated, results in restricting the movement of a detainee in
a manner in which he would not be restricted if he simply were free to walk
the streets pending trial.  Whether it be called a jail, a prison, or a custodial
center, the purpose of the facility is to detain.  Loss of freedom of choice and
privacy are inherent incidents of confinement in such a facility.  And the fact
that such detention interferes with the detainee's understandable desire to live
as comfortably as possible and with as little restraint as possible during
confinement does not convert the conditions or restrictions of detention into
"punishment."

Bell, 441 U.S. at 537.

U.S. 343, 350 (1996). That right, however, only encompasses the ability to bring petitions or complaints to federal court and not to discover or even effectively litigate such claims once filed with a court. Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.") The right "guarantees no particular methodology but rather, the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356. Further, the denial of access to a paralegal or use of a law library is not actionable if there is no claim of prejudice to an existing or future legal action. Id. at 351-53. That is, an inmate must establish that he suffered an "actual injury" when he alleges a denial of access to the courts. See Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Lewis, 518 U.S. at 348. In other words, a plaintiff must allege facts to support that a defendant's conduct prevented him from bringing to court a non-frivolous claim that he wished to present. Id. at 351-53. A plaintiff "must identify a nonfrivolous, arguable underlying claim," and this underlying claim "must be described in the complaint." Christopher v. Harbury, 536 U.S. 403, 414-15 (2002).

### E. Denial of Access to Counsel

Plaintiff appears in part to assert the he was denied access to telephone communication with his criminal defense attorney. An inmate retains First Amendment free speech rights not inconsistent with his status as a prisoner and with the legitimate penological objectives of the corrections system. See Shaw v. Murphy, 532 U.S. 223, 231 (2001); Clement v. California Dep't of Corr., 364 F.3d 1148, 1151 (9th Cir. 2004). However, jail personnel may regulate speech if such restriction is reasonably related to legitimate penological interests and an inmate is not deprived of all means of expression. Valdez, 302 F.3d at 1048 (citing Turner v. Safley, 482 U.S. 78, 92 (1986)). The United States Constitution does not provide for an unfettered right to use a telephone. Rather, to state a

constitutional claim, a plaintiff must allege that the use of a phone is connected to another constitutional right, such as the right of free speech or access to the courts. Even then, a telephone is only one means for an inmate to exercise the extremely limited First Amendment right to communicate with persons outside the jail. <u>Valdez</u>, 302 F.3d at 1048. That same right may be met through other means such as correspondence or personal visits.

### F. Search and Seizure

Plaintiff also appears to be attempting to assert a claim for violation of his Fourth Amendment rights concerning searches and seizures. The Fourth Amendment guarantees the right of the people to be secure against unreasonable searches, and its protections are not extinguished upon incarceration. <u>Michenfelder v. Sumner</u>, 860 F.2d 328, 322-33 (9th Cir. 1988). However, the Fourth Amendment "proscription against unreasonable searches does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and needs and objectives of penal institutions." <u>Hudson v. Palmer</u>, 468 U.S. 517, 525-26 (l984). Nevertheless, the Fourth Amendment has been held to apply to the invasion of bodily privacy. <u>Michenfelder</u>, 860 F.2d at 332. Thus, strip searches that are excessive, vindictive, harassing, or unrelated to any legitimate penological interest may violate the Fourth Amendment. <u>Id.</u> But, a policy of routinely strip searching *arrestees* for contraband has been held not to be unreasonable where there is no physical contact and the searches are professionally conducted in relative privacy. <u>Bull v. City and County of San Francisco</u>, 595 F.3d 964, 973 (9th Cir. 2010).

### F. Excessive Force

Plaintiff also appears to be attempting to assert that some jail staff used excessive force against him. The Fourth Amendment applies to excessive force claims by pretrial detainees. <u>See</u> <u>Lolli v. County of Orange</u>, 351 F.3d 410, 415 (9th Cir. 2003). Officials acting under color of state law may not maliciously and sadistically use force for the purpose of causing harm. <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992); <u>Watts v. McKinney</u>, 394 F.3d 710, 711 (9th Cir. 2005). To state a claim for excessive force, a plaintiff must allege facts

to support that an official used or caused to be used objectively unreasonable force against him. See Brosseau v. Haugen, 543 U.S. 194, 197 (2004). Analysis of an excessive force claim requires "balancing the 'nature and quality of the intrusion' on a person's liberty with the 'countervailing governmental interest at stake' to determine whether the use of force was objectively reasonable under the circumstances." Drummond v. City of Anaheim, 343 F.3d 1052, 1056 (9th Cir. 2003) (citations omitted); see also Graham v. Connor, 490 U.S. 386, 395 (1989).

## V. Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 17.)

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     Plaintiff's motions to waive fees are **denied**.  (Doc. 19, 23.)

(4)     Plaintiff's *in forma pauperis* application filed on January 4, 2012 is **denied** as moot.  (Doc. 20.)

(5)     Plaintiff's motion to proceed is construed as a motion for status, which is **granted** to the extent set forth herein.  (Doc. 27.)

(6)     Plaintiff's Amended Complaints are ordered stricken for failure to comply with LR Civ. 3.4 by using the approved form.  (Doc. 8, 14.)

(7)     The Complaint is **dismissed** for failure to state a claim.  (Doc. 1.)  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order on this Court's approved form complaint.

(8)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(9)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 15th day of February, 2012.

Robert C. Broomfield
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

Phoenix & Prescott Divisions:      **OR**      Tucson Division:

U.S. District Court Clerk                        U.S. District Court Clerk
U.S. Courthouse, Suite 130                    U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10    405 West Congress Street
Phoenix, Arizona  85003-2119              Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>         Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint. <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____ , | ) |
| (Full Name of Plaintiff)  Plaintiff, | ) |
|  | ) |
| vs. | ) **CASE NO.** _____ |
|  | ) (To be supplied by the Clerk) |
| (1)_____ , | ) |
| (Full Name of Defendant) | ) |
| (2)_____ , | ) |
|  | ) **CIVIL RIGHTS COMPLAINT** |
| (3)_____ , | ) **BY A PRISONER** |
|  | ) |
| (4)_____ , | ) ☐ Original Complaint |
| Defendant(s). | ) ☐ First Amended Complaint |
| ☐ Check if there are additional Defendants and attach page 1-A listing them. | ) ☐ Second Amended Complaint |

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   - ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   - ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   - ☐ Other: _____.

2. Institution/city where violation occurred: _____.

## B. DEFENDANTS

1. Name of first Defendant: _____. The first Defendant is employed as:
   _____at_____.
   <span style="font-size:smaller">          (Position and Title)                                                    (Institution)</span>

2. Name of second Defendant: _____. The second Defendant is employed as:
   _____at_____.
   <span style="font-size:smaller">          (Position and Title)                                                    (Institution)</span>

3. Name of third Defendant: _____. The third Defendant is employed as:
   _____at_____.
   <span style="font-size:smaller">          (Position and Title)                                                    (Institution)</span>

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____at_____.
   <span style="font-size:smaller">          (Position and Title)                                                    (Institution)</span>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☐ No

2. If yes, how many lawsuits have you filed? _____ . Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _____.

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _____.

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities       ☐ Mail       ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count I?      ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count I to the highest level?   ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT II**

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   ☐ Basic necessities         ☐ Mail            ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings  ☐ Property        ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available
      at your institution?                                                    ☐ Yes    ☐ No
   b. Did you submit a request for administrative relief on Count II?          ☐ Yes    ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☐ Yes    ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why
      you did not. _____
      _____.

**COUNT III**

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion        ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                      ☐ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count III?          ☐ Yes  ☐ No
   c. Did you appeal your request for relief on Count III to the highest level? ☐ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E. REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                         DATE                                     SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.